FILED

⬚AO 241
v. 10/07)

MAY 0 9 2024

Attachment A

U.S. DISTRICT COURT- WVND
MARTINSBURG, WV 25401

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | Northern District of West Virginia |
|---|---|

| Name (under which you were convicted):<br>Asaveon Coleman | Criminal Case No.:<br>18-F-318 |
|---|---|

| Place of Confinement:<br>Huttonsville Correctional Center | D.O.C. Prisoner No.:<br>3630696 |
|---|---|

Petitioner (the name under which you were convicted)

Asaveon Coleman
    v.

Shelby Searls

*5:24cv88*

*Bailey Mazzone Prince*

Respondent (authorized person having custody of you)

| The Attorney General of the State of West Virginia |
|---|

## PETITION

1.    (a)    Name and location of court that entered the judgment of conviction you are challenging:    Berkeley County Circuit Court Martinsburg, WV

        (b)    Criminal case number (if you know):    18-F-318

2.    (a)    Date of the judgment of conviction (if you know):    4/12/2023

        (b)    Date of sentencing:    March 22, 2023

3.    Length of sentence:    forty years and three to fifteen years, consecutive

4.    In this case, were you convicted on more than one count or of more than one crime?    ☒ Yes        ☐ No

✎AO 241
(Rev. 10/07)

**Attachment A**

5.    Identify all crimes of which you were convicted and sentenced in this case:

Attempted First Degree Murder

First Degree Robbery

6.    (a)    What was your plea?  (Check one)
- ☐ (1)  Not guilty
- ☒ (2)  Guilty
- ☐ (3)  Nolo contendere (no contest)
- ☐ (4)  Insanity plea

(b)    If you entered a guilty pleas to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

(c)    If you went to trial, what kind of trial did you have: (Check one)
- ☐ Jury
- ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?
- ☐ Yes
- ☐ No

8.    Did you appeal from the judgment of conviction?    ☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a)    Name of court:    West Virginai Supreme Court

(b)    Case number (if you know): 19-1087

(c)    Result:    Denied

(d)    Date of result (if you know):    January, 2021

(e)    Grounds raised:    nonsuppression of statement, invalidstatement due to miranda right violation,

AO 241
(Rev. 10/07)

**Attachment A**

(f) Did you seek further review by a higher state court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Name of court: _____

(2) Case number (if you know): _____

(3) Result: _____

(4) Date of result (if you know): _____

(5) Grounds raised: _____

_____

_____

_____

(g)   Did you file a petition for certiorari in the United States Supreme Court?
      ☐ Yes   ☐ No

If yes, answer the following:

(1) Case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: _____ Berkeley County Circuit Court _____

(2) Case number (if you know): ___ 2018-F-318 21-C- 234 ___

(3) Date of filing (if you know): ___ ??? ___

(4) Nature of the proceeding: ___ habeas Petition ___

AO 241
(Rev. 10/07)

Attachment A

(5) Grounds raised: _____ ineffective assistance of counsel _____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motions?    ☒ Yes    ☐ No

(7) Result: _____ granted _____

(8) Date of result (if you know): ???? _____

(b)    If you filed a second petition, application, or motion give the same information:

(1) Name of court: _____

(2) Case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motions?    ☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

✎ AO 241
(Rev. 10/07)

**Attachment A**

(c)　　If you filed a third petition, application, or motion give the same information:

　　　　(1) Name of court: _____

　　　　(2) Case number (if you know): _____

　　　　(3) Date of filing (if you know): _____

　　　　(4) Nature of the proceeding: _____

　　　　(5) Grounds raised: _____

　　　　_____

　　　　_____

　　　　_____

　　　　(6) Did you receive a hearing where evidence was given on your petition, application, or motions?　　☐ Yes　　☐ No

　　　　(7) Result: _____

　　　　(8) Date of result (if you know): _____

(d)　　Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application or motion?

　　　　(1) First petition:　　　☐ Yes　☒ No

　　　　(2) Second petition:　　☐ Yes　☐ No

　　　　(3) Third petition:　　　☐ Yes　☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____ Satisfied with results

_____

_____

_____

✎AO 241
(Rev. 10/07)

**Attachment A**

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach no more than 5 typed or 10 neatly printed additional pages total for all grounds if you have more than four grounds.  State the facts supporting each ground.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE:**   Please See Attached

(a)   Supporting facts ( Do not argue or cite law.  Just state the specific facts that support your claim.): _____Please See Attachment_____

_____

_____

_____

_____

(b)   If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

ATTACHMENT

No. 12

Grounds Raised

Ground One: Violation of *Miranda v. Arizona*, 384 U.S. 436, 44 (1966)

Supporting Facts: At the time of his custodial interrogation the Petitioner had been held in custody for a substantial period of time and was neither afforded the right to contact his parent, guardian, or custodian nor asked if he wanted to contact an attorney. He was taken directly from the hospital to the small interview room without any outside contact. As Sgt. Chambers entered the small interview, the Petitioner appears groggy and spent a good portion during the Miranda recitation with his head on the table. Sgt. Chambers' initially informed the Petitioner he was investigating a grand larceny. Although read his Miranda rights, Petitioner did not independently review or sign a Miranda waiver. Sgt. Chambers proceeded to interrogate the Petitioner regarding the grand larceny. Following the conclusion of this portion of the integration, was lasted an hour, the interview ceased for a short time. When Sgt. Chambers reentered he began questioning the Petitioner regarding other alleged offenses, including the West Virginia Offenses.[1] The Miranda rights were not revisited at the time of re-interview on the West Virginia charges. Sgt. Chambers  implied to the Petitioner that since he was only 17 it would be good to get it all out before he turned 18. The statement implies to the Petitioner that the consequences would be less severe considering his juvenile status. The Petitioner, without realizing the implications of what he was doing, provided a statement implicating himself in the West Virginia offense.

At the time of his statement the Petitioner was a vulnerable person, in a vulnerable position, without the ability to contact his parents or an attorney and still suffering from the injuries he sustained during his apprehension. And, after being questioned on the Virginia charges the interview, after a brief stop, quickly shifted focus to the West Virginia charges.

The Petitioner did not sign the Miranda form, and was handcuffed to a wall. Additionally, testimony was offered during the proceedings in state court that the Petitioner asked for counsel at each and every prior law enforcement action involving him.

Ground Two: Ineffective Assistance of Appellate Counsel and prior Habeas Counsel, in violation the Sixth Amendment to the United States Constitution for failing to challenge the state court's ruling as being a violation of the due process clause of the United States Constitution that W.Va. Code § 49-4-705, in its entirety did not apply to the Petitioner (being a juvenile at the time) because the interrogation did not occur in West Virginia.

---

[1] At the time of the interview the Petitioner was 17 years old. He was being interviewed in Virginia for several different charges and was wanted in West Virginia for the offenses that form the basis of the sentence and custody being challenged.

Supporting Facts: The Petitioner was arrested in Virginia and charged with offenses there and at the same time was wanted by West Virginia authorities. He was interrogated in Virginia on the West Virginia charges but not afforded the protections of West Virginia law which stipulated that that upon taking a juvenile into custody the official shall "Immediately notify the juveniles parent, guardian, custodian or, if the parent, guardian or custodian cannot be located, a close relative"

Also afforded under the law is protection from unnecessary delay.

During the interrogation of the Petitioner none the above was followed. During the interrogation of the Petitioner none the above was followed. As a result the Petitioner was induced into giving a statement implicating him in the West Virginia charges

The above violations are clearly ones of due process and should have been litigated in such a manner as to have made the claims "federal" in nature. But both appellate counsel and prior habeas counsel failed to raise the claims in a federal configuration.

Ground Three: Ineffective Assistance of Prior Habeas Counsel and Appellate Counsel for failure to raise the ground of Trial Court Error for Violation of the Due Process Clause of the United States Constitution when the Trial Court ruled that the Provisions of W.Va. Code § 49-4-705, in its entirety would not be applied to his case because his custodial interrogation took place in Virginia.

The Petitioner was arrested in Virginia and charged with offenses there and at the same time was wanted by West Virginia authorities. He was interrogated in Virginia on the West Virginia charges but not afforded the protections of West Virginia law which stipulated that that upon taking a juvenile into custody the official shall "Immediately notify the juveniles parent, guardian, custodian or, if the parent, guardian or custodian cannot be located, a close relative"

Also afforded under the law is protection from unnecessary delay.

During the custodial  interrogation of the Petitioner none the above was followed. As a result the Petitioner was induced into giving a statement implicating him in the West Virginia charges that resulted in him receiving a severe prison sentence.

✎AO 241
(Rev. 10/07)                                                                                                    **Attachment A**

_____

(c)     **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       ☒ Yes      ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

_____

_____

(d)     **Post-Conviction Proceedings (filed after conviction other than direct appeals):**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    ☐ Yes    ☒ No

    (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: _____

        Name and location of the court where the motion or petition was filed:

        _____

        _____

        Case number (if you know): _____

        Date of the Court's decision: _____

        Result (attach a copy of the court's opinion or order, if available): _____

        _____

    (3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

AO 241
(Rev. 10/07)

Attachment A

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes    ☐ No

(5) If your answer to Questions (d)(4) is "Yes," did you raise this issue in the appeal?      ☐ Yes        ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed:

_____

_____

Case number (if you know): _____

Date of the Court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

_____

**GROUND TWO:**          Please See Attachment

AO 241
(Rev. 10/07)

**Attachment A**

(a)    Supporting facts ( Do not argue or cite law. Just state the specific facts that support your claim.): _____ Please See Attachment _____

_____

_____

_____

_____

(b)    If you did not exhaust your state remedies on Ground Two, explain why: _____
Have just filed it in state court in habeas  through ineffective

assistance of habeas counsel

_____

_____

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
☐ Yes        ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____
Did not realize it was an issue

_____

_____

_____

(d)    **Post-Conviction Proceedings (filed after conviction other than direct appeals):**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?        ☒ Yes        ☐ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: __Petition for Writ of Habeas Corpus__

✎AO 241
(Rev. 10/07)

Attachment A

Name and location of the court where the motion or petition was filed:

Berkely County Circuit Court
Martinsburg, WV

Case number (if you know): ___?_____

Date of the Court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Questions (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed:

_____

_____

Case number (if you know): _____

Date of the Court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

_____

_____

_____

_____

✎AO 241
(Rev. 10/07)                                                              **Attachment A**

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

_____

**GROUND THREE:**    *Please    See    Attached*

(a)    Supporting facts ( Do not argue or cite law.  Just state the specific facts that support your claim.): _*Please    See    Attached*_

_____

_____

_____

_____

(b)    If you did not exhaust your state remedies on Ground Three, explain why: _____
_*Same    as    Ground    two*_

_____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
☐ Yes          ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

✎AO 241
(Rev. 10/07)

Attachment A

_____

_____

_____

_____

(d)    **Post-Conviction Proceedings (filed after conviction other than direct appeals):**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    ☒ Yes    ☐ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition:    _Same  as  Ground Two_

Name and location of the court where the motion or petition was filed:

_____

_____

Case number (if you know): _____

Date of the Court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Questions (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the motion or petition was filed:

✎AO 241                                                                    **Attachment A**
(Rev. 10/07)

_____

_____

Case number (if you know): _____

Date of the Court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you
did not raise this issue: _____

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus,
administrative remedies, etc.) that you have used to exhaust your state remedies on
Ground Three: _____

_____

_____

_____

## GROUND FOUR:

(a)    Supporting facts ( Do not argue or cite law.  Just state the specific facts that
support your claim.): _____

_____

_____

_____

✎AO 241
(Rev. 10/07)

**Attachment A**

_____

(b)    If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☐ Yes        ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

_____

(d)    **Post-Conviction Proceedings (filed after conviction other than direct appeals):**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    ☐ Yes    ☐ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

_____

Case number (if you know): _____

✎AO 241
(Rev. 10/07)                                                    **Attachment A**

_____

_____


13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been
       presented to the West Virginia Supreme Court of Appeals?

        ☐ Yes      ☐ No

       If your answer is "No," state which grounds have not been so presented
       and give your reasons(s) for not presenting them: _____

       _____

       _____

       _____

       _____


    (b)    Is there any ground in this petition that has not been presented in some
       state or federal court?  If so, which grounds have not been presented, and
       state your reasons for not presenting them: _____

       _____ No _____

       _____

       _____

       _____


14.    Have you previously filed any type of petition, application, or motion in a federal
court regarding the conviction that you challenge in this petition?      ☐ Yes    ☒ No
       If "Yes," state the name and location of the court, the case number, the type  of
       proceeding, the issues raised, the date of the court's decision, and the result for
       each   petition, application, or motion filed.  Attach a copy of any court opinion

✎AO 241
(Rev. 10/07)                                                            **Attachment A**

or order, if available. _____

_____

_____

_____

_____

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging:

☐ Yes    ☐ No

If "Yes," state the name and location of the court, the case number, the type of proceeding, the issues raised. _____

_____

_____

_____

_____

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)   At preliminary hearing: _____Sherman Lambert_____

_____

(b)   At arraignment and plea: _____Same as above_____

_____

(c)   At trial: _____Same as above_____

✎AO 241
(Rev. 10/07)                                                           **Attachment A**

(d)    At sentencing:    Same as Above
_____

(e)    On appeal:    Daniel Kirkland
_____

(f)    In any post-conviction (filed after conviction other than a direct appeal)
proceeding: _____
_____

(g)    On appeal from any ruling against you in a post-conviction proceeding:___
_____

17.    Do you have any future sentence to serve after you complete the sentence for
the judgment that you are challenging:    ☐ Yes    ☐ No

   (a)    If so, give name and location of court that imposed the other sentence
you will serve in the future: _____
_____

   (b)    Give the date the other sentence was imposed: _____

   (c)    Give the length of the other sentence: _____

   (d)    Have you filed, or do you plan to file, any petition that challenges the
judgment or  sentence to be served in the future?    ☐ Yes    ☐ No

✎AO 241
(Rev. 10/07)

**Attachment A**

18.    TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

I took a plea and got resentenced on April 12, 2023, I would have had until May 12, 2023 to file the notice of appeal. I have just recently filed a new habes in circuit court. as of this date, my one year has not elapsed.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C § 2255 paragraph 6, provides in part that:

(1)    A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of -

(A) the date on which the judgment of conviction became final;
(B) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(C) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, if applicable to cases on collateral review; or
(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be toward any period of limitation under this subsection.

✎AO 241
(Rev. 10/07)

**Attachment A**

Therefore, you ask that the Court for the following relief:

Remand with instruction for immediate release.

and any other relief to which you may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ___May 6, 2023___ (month, day, year).

Executed (signed) on ___May 6, 2023___ (date).

_____

Your Signature

If the person signing is not you, state the relationship to you and explain why you are not signing this petition.